SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff John Zeman, on behalf of himself
and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| JOHN ZEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants | Case No. 23-cv-1786<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>1. DISCRIMINATION IN VIOLATION OF THE ADEA, 29 U.S.C. § 621, *et seq.*<br>2. DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXEC § 296 |

1
COLLECTIVE AND CLASS ACTION COMPLAINT

# I.  INTRODUCTION

1.    Plaintiff John Zeman files this Collective and Class Action Complaint against Defendant Twitter, Inc. ("Twitter") and X Corp., on his own behalf and on behalf of other Twitter employees age fifty (50) or older across the country who have been discharged from their jobs during the chaotic months since multi-billionaire Elon Musk purchased the company.

2.    Plaintiff brings claims of discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and (for employees who worked out of New York) New York State Human Rights Law ("NYSHRL"), NY Exec § 296, challenging the company's termination of employees age fifty (50) or older since Elon Musk's acquisition of the company.

3.    As described further below, shortly after Elon Musk completed his purchase of Twitter in October 2022, he immediately began laying off more than half of its workforce.

4.    The mass termination of employees at Twitter has impacted employees age fifty (50) or older to a greater extent than employees under the age of fifty (50) – and to a statistically significant degree.  Moreover, Elon Musk has made publicly discriminatory remarks about older people, further confirming that the mass termination's greater impact on older employees resulted from discrimination.

5.    Plaintiff files this action, bringing claims of age discrimination, under federal and New York law.

# II.  PARTIES

6.    Plaintiff John Zeman is an adult resident of New York, New York, where he worked for Twitter from April 2011 until November 2022.

7.    Plaintiff brings this lawsuit as a collective action under the ADEA on behalf of all Twitter employees across the United States age fifty (50) or older who have lost their jobs since Elon Musk acquired the company.

8.      Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all Twitter employees who worked in New York age fifty (50) or older who have lost their jobs since Elon Musk acquired the company.

9.      Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

10.      Defendant X Corp. is a Nevada corporation, headquartered in San Francisco, California.

11.      In or about March 2023, Twitter merged with X Corp., and as a result Twitter and X Corp. are a single entity. X Corp. has successor liability for Twitter's unlawful acts. Defendants are collectively referred to herein as "Twitter".

III.    **JURISDICTION**

12.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

13.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim, because that claim derives from a common nucleus of operative facts with Plaintiff's federal claim.

14.      This Court has personal jurisdiction over Defendants, as they are headquartered in this District and conduct substantial business operations in this District.

15.      Prior to filing this complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  On April 4, 2023, the EEOC issued Plaintiff a Notice of Right to Sue.

IV.    **STATEMENT OF FACTS**

16.      Twitter is a social media company that previously employed thousands of people across the United States.

COLLECTIVE AND CLASS ACTION COMPLAINT

17.     In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing the company.

18.     Following Elon Musk's purchase of Twitter in late October 2022, Musk immediately began a mass layoff that has affected well more than half of Twitter's workforce. See Kate Conger, Ryan Mac, and Mike Isaac, Confusion and Frustration Reign as Elon Musk Cuts Half of Twitter's Staff, NEW YORK TIMES (November 4, 2022), https://www.nytimes.com/2022/11/04/technology/elon-musk-twitter-layoffs.html; Kate Conger, Ryan Mac, and Mike Isaac, In Latest Round of Job Cuts, Twitter is said to Layoff at Least 200 Employees, NEW YORK TIMES (February 26, 2023), https://www.nytimes.com/2023/02/26/technology/twitter-layoffs.html; Ryan Morrison, Twitter 'lays off 10% of its global workforce' in Elon Musk's latest job cuts, TECHMONITOR (February 27, 2023, updated March 9, 2023) ("The Company's headcount is down 75%."), https://techmonitor.ai/policy/digital-economy/twitter-job-cuts-elon-musk.

19.     The decisions regarding which employees would be laid off during the initial layoffs were made under extremely hurried circumstances, with little if any regard given to employees' job performance, qualifications, experience, and abilities.  Indeed, decisions regarding laying off thousands of employees were made in a period of just days after Musk's acquisition of the company.

20.     Most laid off employees were notified on November 4, 2022, although some were laid off earlier and many were laid off after that date.

21.     Reportedly, the majority of initial layoff decisions were made quickly by a small group of managers, under close supervision by Musk.  Some of these managers were brought in from other companies owned by Musk (such as Tesla), who did not have much, if any, knowledge about Twitter's operations.  See Lora Kolodny, Elon Musk has pulled more than 50

4
COLLECTIVE AND CLASS ACTION COMPLAINT

Tesla employees into his Twitter takeover, CNBC (November 1, 2022), Elon Musk has pulled more than 50 Tesla employees into Twitter (cnbc.com).

22.     Elon Musk has a history of bias and making ageist comments.

23.     For example, in a 2022 interview with the CEO of the publishing company Axel Springer, Musk commented:

> I don't think we should try to have people live for a really long time. That it would cause asphyxiation of society because the truth is, most people don't change their mind, …they just die. So, if they don't die, we will be stuck with old ideas and society wouldn't advance . . . [a]nd it is just impossible to stay in touch with the people if you are many generations older than them.

https://www.foxbusiness.com/lifestyle/lonely-elon-musk-humans-shouldnt-live-longer-asphyxiate-society.

24.     The data from Twitter's layoffs also show that employees age fifty (50) or older were more likely to be impacted.

25.     According to data that Twitter provided employees pursuant to the Older Workers Benefit Protection Act (OWBPA), which shows which Twitter employees in the United States were retained and which were laid off on November 4, 2022, approximately 2,686 out of 4,964 employees were laid off.

26.     Prior to the initial layoffs that day, Twitter employed approximately 248 employees age fifty (50) or over and 4,716 employees under the age of fifty (50) in the United States.  Of those employees, approximately 149 employees age fifty (50) or over and 2,537 employees under the age of fifty (50) were notified that day they were being laid off.

27.     Thus, 60% of employees age fifty (50) or over were laid off on November 4, 2022, while 54% of employees under the age of fifty (50) were laid off.

COLLECTIVE AND CLASS ACTION COMPLAINT

28.     This difference in layoff rates between employees age fifty (50) or over and under the age of fifty (50) is statistically significant.  According to Dr. Mark Killingsworth, a professor in the Department of Economics at Rutgers University,[1] a chi square statistical analysis reveals that this distribution in layoffs by age is close to 2 (1.936) standard deviations away from a normal distribution.  In other words, the odds that this disparity between employees age fifty (50) or over and under age fifty (50) being laid off is due only to chance is .0529.  This level of disparity is considered significant under federal discrimination law.

29.     For employees age sixty (60) or over, the disparity is even greater.

30.     Prior to the layoffs announced on November 4, 2022, Twitter employed approximately 33 employees age sixty (60) or older in the United States.  Of those employees, approximately 24 were notified they were being laid off that day.  Of the approximately 4,931 employees under age sixty (60), 2,662 were notified they were being laid off.

31.     Thus, 73% of employees age sixty (60) or older were laid off on November 4, 2022, while 54% of employees under the age of sixty (60) were laid off.

-----

[1]   A federal court has described Dr. Killingsworth's qualifications as follows:

Dr. Killingsworth is a labor economist with more than 40 years of experience and has a substantial record as an expert witness in federal and state litigation. He is the author of *Labor Supply* and *The Economics of Comparable Worth*, and has also authored numerous publications in the areas of comparable worth, pay equity, employment discrimination, and wage differentials. Also, Dr. Killingsworth has testified in front of United States Congressional Committees and the General Assembly of Pennsylvania. In addition, he has been a consultant to United States District Judge Robert L. Carter, the Canadian Department of Justice, and the United States Departments of Justice and Labor. Dr. Killingsworth graduated from the University of Michigan and received M.Phil. and D.Phil. degrees from the University of Oxford, where he was a Rhodes Scholar.

Artunduaga v. Uni. Of Chicago Med. Ctr., 2016 WL 7384432, at *2-3 (N.D. Ill. Dec. 21, 2016) (citing cases).

32.     According to Dr. Killingsworth, a chi square statistical analysis reveals that this distribution in layoffs by age is more than 2 (2.154) standard deviations away from a normal distribution.  In other words, the odds that this disparity between employees age sixty (60) or over and under age sixty (60) being laid off is due only to chance is .0313.  This level of disparity is considered significant under federal discrimination law.

33.     Twitter's discrimination against employees on the basis of age was willful.

34.     Plaintiff John Zeman was informed of his layoff on November 4, 2022.  On that date he was 63 years old.

35.     Plaintiff and other employees age fifty (50) and over who have lost their jobs since Elon Musk took control of the company have been injured due to this discrimination.  On behalf of himself and the proposed collective and class of employees age fifty (50) and older who have lost their jobs with the company, Plaintiff seek lost back pay, lost benefits, bonuses, and equity, as well as liquidated damages, and any other appropriate relief.

## COUNT I

### Age Discrimination in Employment Act,
### 29 U.S.C. § 621

Plaintiff and other employees age fifty (50) and older have been entitled to the protections of the ADEA, 29 U.S.C. § 621, which prohibits discrimination on the basis of age. Twitter's conduct in conducting mass layoffs in a manner that resulted in a disproportionate impact on employees age fifty (50) and older constitutes unlawful discrimination against Plaintiff and other similarly situated Twitter employees on the basis of age in violation of the ADEA.

## COUNT II

### New York State Human Rights Law,
### NY Exec. § 296.

Plaintiff and other employees age fifty (50) and over have been entitled to the protections of the New York State Human Rights Law ("NYSHRL"), NY Exec. § 296. Twitter's conduct in conducting mass layoffs in a manner that resulted in a disproportionate impact on employees age fifty (50) and older constitutes unlawful discrimination against Plaintiff and other similarly situated Twitter employees who worked in New York on the basis of age in violation of the NYSHRL.

## JURY DEMAND

Plaintiff requests a trial by jury on the claims asserted here.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that Defendants are liable to Plaintiff and other similarly situated employees age fifty (50) and older under the ADEA, 29 U.S.C. § 621, and, with respect to employees who have worked out of New York, the NYSHRL, NY exec. § 296;

b. Certify this case as a collective action under the ADEA;

c. Certify this case as a class action under the NYSHRL;

d. Reinstate employees age fifty (50) and older who wish to return to their jobs;

e. Award liquidated damages under the ADEA;

f. Award compensatory and any other appropriate damages, including emotional distress and punitive damages under the NYSHRL;

g. Award pre- and post-judgment interest;

h. Award reasonable attorneys' fees, costs, and expenses; and

COLLECTIVE AND CLASS ACTION COMPLAINT

i.   Award any other relief to which Plaintiff and other similarly situated Twitter employees may be entitled.

Respectfully submitted,

JOHN ZEMAN, on behalf of himself and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; bmanewith@llrlaw.com

Dated:          April 13, 2023