# EXHIBIT A

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Dmitry Borodaenko,*
*on behalf of himself and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER, INC. <br><br> Defendant. | Case No. 3:22-cv-07226-AMO <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES** <br><br> BEFORE THE HON. ARACELI MARTINEZ-OLGUIN |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs Carolina Bernal Strifling and Willow Wren Turkel, plaintiffs to the action *Strifling et al v. Twitter Inc.*, Case No. 22-cv-07739-JST (N.D. Cal.), and John Zeman, plaintiff to the action, *Zeman v. Twitter Inc. et al.*, Case No. 23-cv-01786-SI, hereby move this Court pursuant to Local Rules 3-12 and 7-11, to relate the *Strifling* and *Zeman* cases to this case. Given the similarities between the claims brought in *Strifling*, *Zeman*, and *Borodaenko*, Plaintiffs in all three cases (all represented by undersigned counsel) submit that these cases should be related and that *Strifling* and *Zeman* should be reassigned to this judge (who is presiding over the first-filed case of these three).

**ARGUMENT**

Local Rule 3–12 provides that cases are "related," and subject to reassignment, if: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3–12(a). Both of these conditions are met here.

First, the actions clearly "concern substantially the same parties, property, transaction or event." Twitter Inc. is a defendant in all three ca,ses (and X Corp. will be added as a defendant in *Strifling* and *Borodaenko* as part of forthcoming amended complaints). Each of these three cases involves a similar putative class of former Twitter employees who allege that their terminations, as part of an ongoing mass layoff shortly after Elon Musk purchased Twitter last fall, were discriminatory.

In the *Strifling* case, the plaintiffs have asserted claims for sex discrimination in relation to Twitter's layoffs. In *Zeman*, the plaintiff alleges that older workers were discriminated against in Twitter's layoffs. In *Borodaenko*, the plaintiff alleges discrimination based on disability. The respective parties in all three cases are represented by the same Plaintiffs' counsel and Defendants' counsel.

Because these three cases arise out of the same nexus of facts (claims of discrimination in connection with terminations that occurred just after Elon Musk bought Twitter last fall), touch upon nearly identical issues, and involve similar parties, the cases should be related.

Second, there will clearly be a "burdensome duplication of labor and expense" if the cases proceed before three different judges. The *Borodaenko*, *Strifling*, and *Zeman* cases include similar issues and parties and all involve discrimination law as it applies to employment terminations. As such, there will be significant overlap in the legal arguments, discovery, and other aspects of the cases. It would clearly be more efficient for the cases to proceed before the same judge, without the need to reinvent or re-learn facts, the general scope of discovery, and legal theories.

Of these three cases, the *Borodaenko* case was the first filed, with the lowest case number.

## CONCLUSION

For all these reasons, Plaintiffs Strifling, Turkel, and Zeman respectfully request that the Court relate the *Strifling* and *Zeman* cases to the *Borodaenko* case, pursuant to Local Rule 3-12.

Respectfully submitted,

LICHTEN & LISS-RIORDAN, P.C.

By: /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com

*Attorneys for Plaintiffs*

Dated:        May 16, 2023

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system on May 16, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff Dmitry Borodaenko,*
*on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DMITRY BORODAENKO, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TWITTER, INC.<br><br>                    Defendant. | Case No. 3:22-cv-07226-AMO<br><br>**DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>BEFORE THE HON. ARACELI MARTINEZ-OLGUIN |

I, Shannon Liss-Riordan, hereby declare:

1. I am a partner at the law firm of Lichten & Liss-Riordan, P.C., and counsel for the Plaintiffs in the above-captioned matter. I submit this declaration in support of Plaintiffs' Administrative Motion to Relate Cases and pursuant to Civil Local Rule 7-11 to establish why a stipulation could not be obtained.

2. On May 13, 2023, my firm emailed Defendant's counsel regarding Plaintiffs' intent to file the instant motion, and to request their assent to it. In that email, Plaintiffs explained that they believed the motion was appropriate because the *Borodaenko*, *Strifling*, and *Zeman* cases all stem from the same nexus of facts (claims of discrimination in connection with terminations that occurred just after Elon Musk bought Twitter last fall), touch upon nearly identical issues, and involve similar parties.

3. On May 15, 2023, Defendants' counsel advised that Defendant would not assent to Plaintiffs' Administrative Motion to Relate Cases, thus necessitating this Motion.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct.

Executed on May 16, 2023, at Boston, Massachusetts

By: */s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, Esq.

1

DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO RELATE CASES

SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

*Attorneys for Plaintiff Dmitry Borodaenko,*
*on behalf of himself and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DMITRY BORODAENKO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.<br><br>Defendant. | Case No. 3:22-cv-07226-AMO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>BEFORE THE HON. ARACELI MARTINEZ-OLGUIN |

1

Having considered Plaintiffs' Administrative Motion to Relate Cases, the accompanying Declaration of Shannon Liss-Riordan in support of Plaintiffs' Administrative Motion, and having determined that the *Borodaenko*, *Strifling*, and *Zeman* cases are properly related, IT IS HEREBY ORDERED THAT:

Plaintiffs' Administrative Motion is GRANTED. *Strifling et al v. Twitter Inc.*, Case No. 22-cv-07739-JST, and *Zeman v. Twitter Inc. et al.*, Case No. 23-cv-01786-SI, shall be related to *Borodaenko v. Twitter Inc.*, Case No. 4:22-cv-07226-AMO.

**IT IS SO ORDERED.**

DATED: May __, 2023

_____
Araceli Martinez-Olguin
United States District Judge

2