MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar. No. 310612
roshni.kapoor@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Jonathan D. Lotsoff (*pro hac vice* forthcoming)
jonathan.lotsoff@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:    +1.312.324.1000
Fax:   +1.312.324.1001

Attorneys for Defendants
TWITTER, INC. and X CORP.

MORGAN, LEWIS & BOCKIUS LLP
Joseph A. Govea, Bar No. 319683
joseph.govea@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Phone: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Carolyn M. Corcoran, (*pro hac vice*)
carolyn.corcoran@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:    +1.212.309.6000
Fax:   +1.212.309.6001

Attorneys for Defendants
TWITTER, INC. and X CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-01786-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br><br>Date:        July 28, 2023<br>Time:       10:00 a.m.<br>Judge:      Hon. Susan Illston |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' RJN ISO REPLY TO
OPPOSITION TO MTD
CASE NO. 3:23-cv-01786-SI

# REQUEST FOR JUDICIAL NOTICE

In accordance with Federal Rule of Evidence 201, Defendants Twitter, Inc. and X Corp. (collectively "Defendants") respectfully request that this Court take judicial notice of Exhibit A attached to this Request for Judicial Notice in connection with Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss the Complaint.

Rule 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001))).

This Court can take judicial notice of Exhibit A because court filings are the type of documents that are properly noticed under Rule 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice "of several other pleadings, memoranda, expert reports, etc." from related litigation because they are "matters of public record"); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (recognizing district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112-14 (C.D. Cal. 2003) (granting judicial notice of court orders and civil minutes, including the "existence and legal effect of the documents").

Accordingly, Defendant hereby requests that this Court take judicial notice of the following document:

**Exhibit A** is a true and correct copy of the Complaint, filed on April 29, 2005, in *Winters*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' RJN ISO REPLY TO
OPPOSITION TO MTD
CASE NO. 3:23-cv-01786-SI

1  *v. Fellowes, Inc.*, Case No. 1:05-cv-02586, ECF No. 1, filed in the United States District Court
2  for the Northern District of Illinois.
3
4  Dated: June 16, 2023                                   MORGAN, LEWIS & BOCKIUS LLP
5
6                                                         By /s/ *Brian D. Berry*
                                                              Eric Meckley
7                                                             Brian D. Berry
                                                              Jonathan D. Lotsoff
8                                                             Roshni C. Kapoor
                                                              Joseph A. Govea
9                                                             Carolyn M. Corcoran
                                                              Attorneys for Defendants
10                                                            TWITTER, INC. and X CORP.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

2

DEFENDANTS' RJN ISO REPLY TO
OPPOSITION TO MTD
CASE NO. 3:23-cv-01786-SI

# EXHIBIT A



**FILED**
APR 29 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| MARK WINTERS, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FELLOWES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. **05C 2586**

Judge **JUDGE MANNING**

**MAGISTRATE JUDGE KEYS**

Jury Trial Demanded

## COMPLAINT

Plaintiff Mark Winters, on behalf of himself and all others similarly situated, by and through his attorneys, Stowell & Friedman, Ltd., for his Complaint against Defendant Fellowes, Inc. states:

### JURISDICTION

1. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

### PARTIES

2. Plaintiff Mark Winters ("Plaintiff") is a former employee of Defendant Fellowes, Inc. Plaintiff resides in this judicial district and was employed by Defendant in this district.

3. Defendant Fellowes, Inc. ("Defendant") manufactures and markets consumer products for home and office use, including products such as paper shredders, binders and laminators, desktop accessories and record storage products.

4. Defendant's principal office is in this judicial district. Specifically, Defendant's corporate headquarters are located in Itasca, Illinois. Defendant employs over 1,200 people globally and owns subsidiaries in several countries, including Canada, United Kingdom,

Benelux, France, Germany, Italy, Poland, Singapore, Japan and Australia.

5. As explained below, Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, as amended, ("ADEA"), and the Older Workers Benefit Protection Act, Pub.L. 101-433, §1, Oct. 16, 1990, 104 Stat. 978 ("OWPBA"), in connection with its termination of Plaintiff and all others similarly situated who were terminated as part of Defendant's termination of employment program in effect beginning in approximately October 2003.

## FACTUAL ALLEGATIONS

6. Plaintiff was born on February 15, 1960. As of February 15, 2000, Plaintiff was an individual protected by the ADEA and the OWBPA.

7. Plaintiff began his employment with Defendant on or about October 1996 as a production supervisor. In or around April 2000, Plaintiff began working in the position of "Help Desk Technician" in Defendant's Information Technology ("IT") department.

8. On or about April 2001, Plaintiff began working in the position of "Help Desk Lead" in Defendant's IT Call Center. On or about February or March, 2003, Plaintiff was assigned additional administrative duties as part of his "Help Desk Lead" position.

9. Throughout Plaintiff's employment with Defendant, Plaintiff discharged all duties assigned to him competently and enjoyed an excellent reputation with regard to the high quality of his work and his conscientious devotion to his job.

### A. Plaintiff's Denial of Promotion/Defendant's Refusal To Hire Plaintiff

10. On or about November 2003, Defendant created an Operations department which was to consist of three positions to be filled by three of the ten Help Desk employees in the IT Call Center (there were ten such employees including Plaintiff).

11. On or about November 2003, Plaintiff applied and interviewed for the three

2

Operations department positions. Plaintiff was qualified to hold those positions.

12. On or about late November 2003, Defendant rejected Plaintiff for the Operations department positions because of his age, thereby denying Plaintiff a promotion to any of the Operations department positions. Instead, Defendant gave the Operations department positions to three IT Call Center Help Desk employees who are younger than Plaintiff and, upon information and belief, who were younger than forty years of age at the time.

13. Plaintiff was more qualified for the Operations department positions than the three IT Call Center Help Desk employees who were given the Operations department positions. Plaintiff had more experience and seniority than those employees.

14. One of Defendant's managers who conducted the interviews for the Operations department positions informed Plaintiff that he had scored Plaintiff higher than the three IT Call Center Help Desk employees who received the Operations department positions.

15. Defendant's managers who conducted the interviews for the Operations department positions skipped certain pages of pre-written interview questions for younger interviewees who had no experience relative to the questions.

## B. Defendant's Termination Of Plaintiff's Employment

16. On or about December 9, 2003, approximately two weeks after Defendant denied Plaintiff any of the three Operations department positions, Defendant terminated Plaintiff's employment as part of its termination of employment program.

17. Defendant terminated Plaintiff's employment because of his age. Defendant's proffered reason for Plaintiff's termination – that Plaintiff was terminated as part of a reduction-in-force – is merely pretext to mask age discrimination.

18. Approximately one month before Plaintiff was terminated, and prior to the time

3

Plaintiff and the other IT Call Center Help Desk employees interviewed for the three Operations department positions, Defendant's management required Plaintiff to write up the procedures for his job and required Plaintiff to train all of the other Help Desk employees on how to do his job.

19. The duties, responsibilities, and functions of Plaintiff's job were assumed by and/or distributed to younger employees, including the three IT Call Center Help Desk employees who received the Operations department positions.

20. Of Defendant's ten Help Desk employees in its IT Call Center, only Plaintiff, one of the oldest employees in the department, was terminated. Moreover, approximately two months before Plaintiff was terminated, Defendant hired a new Help Desk employee into its IT Call Center Department who was at that time approximately twenty-two years old.

## C. Defendant's Pattern And Practice Of Unlawful Terminations

21. Defendant engaged in a pattern and practice of eliminating older employees from its workforce under the guise of a series of reductions-in-force beginning in approximately October 2003. Upon information and belief, approximately 200-300 employees have been terminated since that time (often in groups of approximately 50 employees) in a series of reductions-in-force that comprise a single, cohesive termination of employment program established by Defendant.

22. For example, approximately two weeks before Plaintiff's termination, approximately 50 employees were terminated as part of Defendant's program. Additionally, at the time of Plaintiff's termination, approximately 50 other employees also were terminated as part of Defendant's program. Upon information and belief, older employees were targeted for termination during both of these purported reductions-in-force as well as the subsequent reductions-in-force that comprise Defendant's termination of employment program.

23. For example, upon information and belief, subsequent to Plaintiff's termination of

4

employment, Defendant terminated the employment of all "product engineers" at his facility in connection with one of three purported reductions-in-force. Upon further information and belief, Defendant shortly thereafter replaced those older, terminated product engineers with younger employees who performed the same job functions. This purported reduction-in-force was in effect a sham in that the same functions are still being performed, but not by the older workers who performed those functions previously.

**D. Defendant's Pattern And Practice Of Soliciting Unlawful Releases**

24. Additionally, Defendant engaged in a pattern and practice of soliciting releases from its employees without fulfilling its obligations under the OWBPA in connection with the aforementioned termination of employment program.

25. Specifically, Defendant attempted to induce Plaintiff into signing a waiver of his claims under the ADEA that would not have been entered into knowingly or voluntarily as defined by the ADEA and OWBPA.

26. Although Plaintiff was selected for termination as part of an employment termination program, Defendant failed to provide to Plaintiff information identifying the class, unit, or group of individuals covered by the termination program, any eligibility factors for the program, any time limits applicable to the program, the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same organizational unit who were not eligible or selected for the program.

27. Upon information and belief, Defendant similarly failed to provide the aforementioned information to any employees terminated in connection with the aforementioned purported reductions-in-force beginning in approximately October 2003 that constituted Defendant's termination of employment program.

5

28. Upon information and belief, a significant number of Defendant's former employees over forty years of age signed the releases offered to them by Defendant without the benefit of the information required to be provided pursuant to the ADEA and OWBPA. Any waivers of age discrimination claims under the ADEA signed by those terminated similarly situated former employees were not made knowingly and voluntarily and their releases are voidable by this Court.

### E. Injuries Suffered As A Result Of Defendant's Unlawful Conduct

29. As a direct and proximate result of Defendant's termination of Plaintiff's employment because of his age, Defendant's failure to promote and/or failure to hire Plaintiff because of his age, and Defendant's discrimination against Plaintiff because of his age, Plaintiff lost wages and other benefits, suffered embarrassment and humiliation, and his career has been irreparably damaged. Additionally, because of Defendant's unlawful conduct, Plaintiff also has suffered loss of enjoyment of life, inconvenience and other pecuniary and nonpecuniary losses, as well as incurring attorneys' fees and costs. Additionally, because Defendant failed to comply with the OWBPA, Plaintiff was denied the opportunity to knowingly and voluntarily release his age discrimination claims prior to his termination of employment.

30. Upon information and belief, other individuals similarly situated to Plaintiff have suffered damages as a result of Defendant's unlawful conduct described herein.

### COLLECTIVE ACTION ALLEGATIONS

31. Pursuant to 29 U.S.C. § 626(b) of the ADEA, which incorporates 29 U.S.C. § 216(b), this matter is brought as a collective action on behalf of Plaintiff and all other employees similarly situated.

32. Individuals similarly situated to Plaintiff include all Defendant's former employees

who were terminated pursuant to the above-described unlawful reductions-in-force beginning in approximately October 2003, regardless of whether or not those employees executed the unlawful releases presented to them by Defendant.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

33. On March 31, 2004, Plaintiff filed his original charge of discrimination in violation of the ADEA against Defendant with the Equal Employment Opportunity Commission ("EEOC"). On November 3, 2004, Plaintiff supplemented his charge in connection with the EEOC's investigation.

34. On January 31, 2005, the EEOC issued a Notice of Right To Sue on Plaintiff's charge of discrimination. This Complaint was timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right To Sue.

## COUNT I

### UNLAWFUL TERMINATION IN VIOLATION OF THE ADEA (COLLECTIVE AND INDIVIDUAL CLAIM)

35. Plaintiff and all others similarly situated reallege paragraphs 1 through 34 and incorporate them by reference as paragraphs 1 through 34 of Count I of this Complaint.

36. The ADEA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions or privileges of employment because of such individual's age. The ADEA also makes it unlawful for an employer to limit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's age.

37. Plaintiff, on behalf of himself and all others similarly situated, allege differential treatment and disparate impact theories of liability under the ADEA.

38. By its conduct described herein, Defendant willfully subjected Plaintiff and all others similarly situated to age discrimination in violation of the ADEA.

39. Defendant allowed the discrimination alleged herein to exist and to go unremedied for so long that it amounts to a policy or practice and constitutes Defendant's standard operating procedure.

40. As a result of Defendant's conduct, Plaintiff suffered the injuries described herein. Upon information and belief, all others similarly situated also suffered injuries as a result of Defendant's unlawful conduct.

## COUNT II

### SOLICITATION OF UNKNOWING AND INVOLUNTARY WAIVERS IN VIOLATION OF THE ADEA AND OWPBA (COLLECTIVE AND INDIVIDUAL CLAIM)

41. Plaintiff and all others similarly situated reallege paragraphs 1 through 40 and incorporate them by reference as paragraphs 1 through 40 of Count I of this Complaint.

42. The ADEA, as amended by the OWBPA, provides that an individual may not waive any right or claim of age discrimination under the ADEA unless the waiver is knowing and voluntary. The OWBPA sets forth the requirements minimally necessary for such a waiver to be knowing and voluntary.

43. By its conduct described herein, Defendant willfully solicited waivers of age discrimination claims under the ADEA from Plaintiff and all other similarly situated employees by offering such employees releases that did not contain the minimum requirements for a knowing and voluntary waiver under the ADEA and OWBPA. In so doing, Defendant denied

8

Plaintiff and all others similarly situated with the opportunity to review information necessary to make knowing and voluntary waivers of their age discrimination claims. Further, because of Defendant's unlawful conduct, any releases of age discrimination claims executed by others similarly situated to Plaintiff are voidable by this Court.

44. Defendant allowed the unlawful conduct alleged herein to exist and to go unremedied for so long that it amounts to a policy or practice and constitutes Defendant's standard operating procedure.

45. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, alleges unlawful conduct in violation of the ADEA and OWBPA.

46. As a result of Defendant's conduct, Plaintiff and all others similarly situated suffered the injuries described herein.

## COUNT III

### DENIAL OF PROMOTION AND/OR FAILURE TO HIRE IN VIOLATION OF THE ADEA (INDIVIDUAL CLAIM)

47. Plaintiff realleges paragraphs 1 to 46 and incorporate them by reference as paragraphs 1 to 46 of Count III of this Complaint.

48. Defendant, by refusing to offer Plaintiff one of the three Operations department positions described above because of his age, willfully violated the ADEA.

49. As a result of Defendant's unlawful conduct, Plaintiff suffered the injuries described herein.

9

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all others similarly situated respectfully request that this Court find in their favor and against Defendant as follows:

### Collective Action Relief

a. Declare that this matter be maintained as a collective action under 29 U.S.C. § 216(b) on behalf of the class of similarly situated individuals identified above;

b. Declare on behalf of Plaintiff individually and all others similarly situated that the acts and conduct of Defendant violate the ADEA and the OWBPA;

c. Enter an appropriate injunction compelling Defendant to cease and desist from the wrongful practices here alleged and hereafter established;

d. Enter an appropriate equitable order requiring Defendant to provide to Plaintiff and all others similarly situated the information necessary for them to make knowing and voluntary waivers of their age discrimination claims under the OWPA and/or voiding all releases of ADEA claims entered into by all individuals similarly situated to Plaintiff without the benefit of the information required to be provided under the OWBA;

e. Award Plaintiff and all others similarly situated the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

f. Award Plaintiff and all others similarly situated the present value of all compensation and benefits they will lose in the future as a result of Defendant's unlawful conduct;

g. In the alternative to paragraph (f), reinstate Plaintiff and all others similarly situated with appropriate promotions and seniority and otherwise make Plaintiff and all others similarly situated whole;

10

h. Award Plaintiff and all others similarly situated liquidated damages under the ADEA and the OWBPA;

i. Award Plaintiff and all others similarly situated prejudgment interest;

j. Award Plaintiff and all others similarly situated reasonable attorneys' fees, costs and disbursements; and

k. Award Plaintiff and all others similarly situated such other relief as this Court deems just and proper.

### Individual Relief

l. Plaintiff incorporates by reference paragraphs (a) through (k) as paragraphs (a) through (k) of the prayer for relief for his individual claims;

m. Declare that the acts and conduct of Defendant violated the provisions of the ADEA and the OWBPA;

n. Enter an appropriate injunction requiring Defendant to provide to Plaintiff the information necessary for him to make a knowing and voluntary waiver of his age discrimination claims under the OWBPA;

o. Award Plaintiff the value of all compensation and benefits lost as a result of Defendant's unlawful conduct;

p. Award Plaintiff the present value of all compensation and benefits he will lose in the future as a result of Defendant's unlawful conduct;

q. In the alternative to paragraph (p), reinstate Plaintiff with appropriate promotions and seniority and otherwise make Plaintiff whole;

r. Award Plaintiff liquidated damages under the ADEA and the OWBPA;

s. Award Plaintiff prejudgment interest;

t. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

u. Award Plaintiff other relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

One of the attorneys for Plaintiff

Mary Stowell
Linda D. Friedman
J. Bryan Wood
STOWELL & FRIEDMAN, LTD.
321 S. Plymouth Court
Suite 1400
Chicago, Illinois 60604
Phone: (312) 431-0888
Fax:  (312) 431-0228

12