LICHTEN & LISS-RIORDAN, P.C.
Shannon Liss-Riordan, Bar No. 310719
sliss@llrlaw.com
Bradley Manewith (*pro hac vice* forthcoming)
bmanewith@llrlaw.com
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: +1.617.994.5800
Fax: +1.617.994.5801

Attorneys for Plaintiff
JOHN ZEMAN, on behalf of himself and all others
similarly situated

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
X CORP., successor in interest to TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-01786-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   September 8, 2023<br>Time:   2:30 p.m.<br>Judge:  Hon. Susan Illston |

Pursuant to the Court's July 24, 2023 Order Granting the Parties' Stipulation and Continuing the Initial Case Management Conference to September 8, 2023 (Dkt No. 33), District Judge Susan Illston's Initial Case Management Guideline (Dkt No. 16), the Standing Order for All Judges of the Northern District of California, Judge Illston's Standing Order, Federal Rule of Civil Procedure 26(f), and the Northern District Civil Local Rules 16-9, Plaintiff JOHN ZEMAN ("Plaintiff") and Defendant X CORP., on its own behalf and as successor in interest to TWITTER, INC. ("Defendant") (collectively, the "Parties") submit the following Joint Case Management Statement.

**1.    JURISDICTION AND SERVICE**

This Court has jurisdiction under 29 U.S.C. §1331 over the claims arising under the Age Discrimination in Employment Act of 1967 ("ADEA").  Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the remaining and related claims under the New York State Human Rights Law ("NYSHRL").

All parties in the matter have been served.  The Parties do not intend to raise any issues regarding personal or subject matter jurisdiction or venue at this time.

**2.    FACTS**

   **a.   *Plaintiff's Statement:***

Plaintiff filed this collective and class action lawsuit asserting collective claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and class claims under the New York State Human Rights Law ("NYSHRL") for employees who worked in New York.

As Plaintiff alleged, Elon Musk recently purchased Twitter, which was completed in late October 2022, and immediately began laying off well more than half of its workforce, including Plaintiff. The decisions regarding which employees would be laid off were made under extremely hurried circumstances, and for thousands of employees, in a period just in a few days. In selecting employees for layoff, little attention (if any) was given to employees' job performance, qualifications, experience, and abilities. Most of the employees whom Twitter laid off were notified of their layoff on November 4, 2022. Plaintiff has alleged that the layoff decisions were

made quickly by a small group of managers under close supervision by Musk. Some of these managers were brought in from other companies owned by Musk (such as Tesla), who did not have much, if any, knowledge about Twitter's operations. Plaintiff was sixty-three (63) years old at the time he was laid off.

Plaintiff alleges that Twitter's mass layoff impacted employees age fifty (50) and older more than employees younger than fifty (50). According to data that Twitter provided employees pursuant to the Older Workers Benefit Protection Act (OWBPA), Twitter laid off approximately 60% of its employees age fifty (50) and older, while only 54% of its employees younger than fifty (50). Dr. Mark Killingsworth, a professor in the Department of Economics at Rutgers University, performed a chi square analysis on this data and determined that the odds that this disparity between employees age fifty (50) and older and younger employees being laid off was due only to chance is .0529. Plaintiff alleges that the disparity for employees age sixty (60) or over is even greater. Specifically, Twitter laid off approximately 73% of its employees age sixty (60) and older, while only 54% of its employees younger than sixty (60). According to Dr. Killingsworth, the odds this was due only to chance is .0313. Plaintiff further alleges that Twitter's discriminatory conduct in the layoffs is unsurprising in light of Elon Musk's public comments against older people. For example, Musk has stated "if [older people] don't die, we will be stuck with old ideas and society wouldn't advance . . . [a]nd it is just impossible to stay in touch with the people if you are many generations older than them."

       **b.** *Defendant's Statement:*

Plaintiffs' generic discrimination allegations lack merit. Defendant provides equal employment opportunities to all its employees and did not discriminate on the basis of age (or any other category protected by law). Defendant expressly denies that it discriminated against Plaintiff and further denies that the November 4, 2023 RIF (or any later RIFs) had a disparate impact on employees age 50 and older, including Plaintiff.

  **3.**  **LEGAL ISSUES**

    **a.** *Plaintiff's Statement:*

The primary legal issues presented in this case are: (1) whether Twitter violated the

ADEA, and for employees in New York, the NYSHRL by implementing mass layoff in a manner that disproportionately impacted employees age fifty (50) and older; (2) whether Plaintiff's claims under the ADEA can be certified as a collective action; and (3) whether Plaintiff's claims under the NYSHRL can be certified as a class action under Fed. R. Civ. P. 23.

      **b.** *Defendant's Statement:*

1. Whether Plaintiff's putative claims are suitable for resolution on a class basis under Rule 23;

2. Whether Plaintiff's putative claims are suitable for resolution on a collective basis under Section 216(b);

3. Whether Defendant's yet-to-be-pleaded affirmative defenses would defeat or limit any purported liability;

4. Whether Plaintiff and the putative class members are entitled to front- or back-pay, benefits, other economic or compensatory damages, or other equitable or monetary relief;

5. Whether Plaintiff's allegations related to disparate impact have merit;

6. Whether Plaintiff's allegations related to disparate treatment have merit;

7. Whether Plaintiff and the putative class members are entitled to fees, costs, or other forms of relief.

**4.** **MOTIONS**

Defendant filed a Rule 12 motion to dismiss and strike the class claims in response to the Complaint on May 12, 2023 (Dkt No. 19). The Court issued an order on August 29, 2023, granting in part and denying in part the motion (Dkt No. 41). Plaintiff has until September 29, 2023 to file a First Amended Complaint. *Id*. Defendant anticipates opposing Plaintiff's motion for conditional certification of a collective action (ADEA), opposing Plaintiff's motion for class certification (NYSHRL), and filing a motion for summary judgment or partial summary judgment after conducting discovery and deposing the Plaintiff and some putative class members.

**5.** **AMENDMENT OF PLEADINGS**

      **a.** *Plaintiff's Statement:*

In its order (Dkt. 41), the Court granted Plaintiff leave to file an amended complaint, which he will do by September 29, 2023. Plaintiff reserves the right to seek leave to further amend his complaint should the circumstances warrant it.

      **b.** *Defendant's Statement:*

Defendant will timely respond to Plaintiff's amended complaint after it is filed.

**6.**       **EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

**7.**       **DISCLOSURES**

The Parties have yet to exchange their initial disclosures.  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the Parties will exchange initial disclosures by September 29, 2023.

**8.**       **DISCOVERY**

      **a.**       **Discovery Taken, Scope of Anticipated Discovery, and Discovery Plan.**

The Parties have not yet conducted discovery.

The Parties intend to conduct written discovery and depositions. The Parties intend to meet and confer regarding a protective order and ESI protocol to facilitate discovery. They will submit the protective order to the Court when it is finalized.

      i. *Plaintiff's Statement:*

Plaintiff proposes that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action under Fed. R. Civ, P. 23.  If the Court declines to certify this case as a Rule 23 class action, the discovery period shall close 60 days after the Court's denial of Plaintiff's request for class certification.

Plaintiff may oppose Defendants' request to depose "a portion of the putative class members."  Plaintiff also opposes Defendants' proposal to bifurcate discovery into two phases. The parties may cooperatively agree to defer certain discovery until after class certification has been decided, but putting arbitrary limits on different phases of discovery frequently leads to disputes.

### ii. *Defendant's Statement:*

The Parties should conduct discovery in two phases, with the first phase focusing on discovery needed for a class certification motion and a second phase if any, focusing on additional merits issues.

For the first phase, Defendant anticipates taking discovery on all issues raised by Plaintiff in his then-operative complaint. Defendant anticipates serving written discovery and deposing Plaintiff, any individual who files a declaration in support of or on behalf of Plaintiff and his claims, and a portion of the putative class members.

For the second phase, Defendant proposes that the Parties submit a proposed discovery schedule after the Court rules on Plaintiff's anticipated motion for class certification.

### b.  **Stipulated E-Discovery Order & FRCP Modifications**

The Parties have not entered into a stipulated e-discovery order. The Parties agree to enter a protective order consistent with the Northern District of California's Model Protective Order.

The Parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

### c.  **Discovery Disputes**

The Parties have not yet identified any anticipated discovery disputes. The Parties will follow the Court's procedure for resolving discovery disputes should any disputes arise.

### 9.  CLASS ACTIONS

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements for the Northern District of California.

### a. *Plaintiff's Statement:*

In addition to conditional certification under the ADEA, Plaintiff may move for class certification under the NYHRL, following some initial discovery. Plaintiff may move for class certification within ninety (90) days of the beginning of discovery.

As required by Civil L.R. 16-9(b), Plaintiff states that a class is maintainable under Fed. R. Civ. P. 23(a) and 23(b)(3). He will seek to certify a class consisting of Twitter employees in

1  New York who have lost their jobs since November 2022 who were age fifty (50) or older at the
2  time of their termination.
3      The pertinent facts are set forth in the current complaint.  Plaintiff expects to develop and
4  support these facts through discovery.  Briefly, Plaintiff states that he expects to satisfy Rule
5  23(a) based on numerosity (there are many older employees in New York who have lost their jobs
6  with Twitter since Elon Musk acquired the company); commonality (the claims of these
7  employees will raise numerous common questions of fact and law); typicality (the named Plaintiff
8  will have claims typical of the class); and adequacy (the named Plaintiff and his counsel will
9  fairly and adequately represent the class).
10     Plaintiff expects to satisfy the requirements under Rule 23(b) based on similar facts, since
11 it will clearly be superior to maintain a class action, for efficiency purposes, rather than require
12 each of these class members to bring their own individual action, and the common questions of
13 law and fact will predominate over any individual questions.

   **b.  *Defendant's Statement:***

15     Defendant denies that Plaintiff's proposed ADEA collective action is suitable for
16 conditional certification under Section 216(b) and further denies that his proposed NYSHRL class
17 action is suitable for class treatment under Federal Rule of Civil Procedure 23.  Defendant proposes
18 that the Court set a deadline for Plaintiff to file any motion for class certification by November
19 2024, given the anticipated scope of the discovery burden that Plaintiff's complaint contemplates.

   **10.  RELATED CASES**

   **a.  *Plaintiff's Statement:***

22     Plaintiff notes that he moved to have this case consolidated with other similar cases alleging
23 sex discrimination, disability discrimination, and FMLA violations (*Strifling et al v. Twitter, Inc.
24 et al*, C.A. No. 22-cv-07739-JST (N.D. Cal.), and *Borodaenko et al v. Twitter, Inc. et al*, C.A. No.
25 22-cv-07226-AMO (N.D. Cal.)), all stemming from Twitter's layoffs following Elon Musk's
26 purchase of the company.  Plaintiffs' counsel filed a similar motion after filing another case that
27 raised claims of age, sex, and race discrimination and FMLA violations, *Weinberg et al v. Twitter,*

*Inc.*, C.A. No. 23-cv-04016 (N.D. Cal.)  The first motion was denied by the court in *Borodaenko*, but the second motion remains pending.

### b. *Defendant's Statement:*

There are no related cases.  While Plaintiff's counsel previously moved to consolidate this case with other cases against Defendant, the Court in the first-filed case, *Borodaenko*, denied the motion to consolidate, noting that the plaintiff's motion was an "effort to engage in judge shopping" and that "[t]he Court does not countenance gamesmanship of this kind." *Borodaenko et al. v. Twitter, Inc. et al*, No. 22-cv-07226-AMO (N.D. Cal.) (Dkt No. 58).  Before that decision, the Court had already concluded that this matter, *Zeman*, was not related to *Borodaenko. Id.* (Dkt No. 41.)

On August 11, 2023, Plaintiff's counsel again sought consolidation by filing a combined Administrative Motion to Relate Cases and Motion to Consolidate Cases.  *Id.,* Dkt. No. 57.  Defendant opposed the Administration Motion to Relate Cases, *id.*, Dkt. No. 59, and is planning to file its Opposition to the Motion to Consolidate on September 1, 2023.  *See id.*, Dkt. No. 62.

## 11. RELIEF SOUGHT

### a. *Plaintiff's Statement:*

As set forth in the Complaint (Dkt. 1), Plaintiff seeks damages for violations of the ADEA and (for the employees who worked out of New York) the NYSHRL, including back pay, front pay, lost benefits, bonuses and equity, liquidated damages, emotional distress damages, punitive damages, interest, and any other recoverable damages; attorneys' fees and costs; and any and all other relief to which Plaintiff and others similarly situated may be entitled.

### b. *Defendant's Statement:*

Defendant denies that Plaintiff or any putative class member is entitled to relief.

## 12. SETTLEMENT AND ADR

The Parties have complied with ADR L.R. 3.5.  The Parties have not engaged in mediation or settlement discussions.

## 13. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The Parties do not believe any issues can be narrowed by agreement at this time.

**15. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64.

**16. SCHEDULING**

**a.** *Plaintiff's Statement:*

The Parties will cooperate in good faith and attempt to stipulate to any further deadlines that are appropriate.

**b.** *Defendant's Statement:*

Defendant maintains that it is premature to set a case management schedule. The Court recently granted Defendant's motion to dismiss, in part, with leave to amend; Plaintiff's deadline to file a First Amended Complaint is September 29, 2023; no operative complaint is currently on file; and Defendant has not responded to the anticipated FAC. Thus, the matter is not at issue.

If the Court is inclined to set a schedule at this time, Defendant requests that the Court set a deadline for a motion for class certification in November 2024 and forgo setting subsequent deadlines until the Court rules on that motion.

Importantly, to promote the orderly administration of justice and to prevent unnecessary law and motion practice related to scheduling, Defendant requests that the Court issue an order that Defendant's deadline to oppose any motion to certify a class will not be set until after Plaintiff files his motion to certify a class and the Parties submit a joint briefing schedule that takes into account the time that will be needed for Defendant to depose the experts and declarants that Plaintiff discloses in support of the motion. In this regard, it would be highly prejudicial for Defendant to be forced to either (i) respond to a motion to certify a class on the default 14-day notice, if, as expected, Plaintiff supports his motion for class certification with expert opinions and percipient declarations, thereby depriving Defendant of any meaningful opportunity to take depositions and prepare its opposition accordingly, or (ii) seek emergency relief from the default 14-day deadline

in order to conduct those depositions, when Defendant already expects that Plaintiff will support his motion by expert opinions and percipient declarations, as is customary in class actions.

**17.  TRIAL**

  **a.  *Plaintiff's Statement:***

Plaintiff requests that trial be set for mid-2024.

  **b.  *Defendant's Statement:***

Defendant believes it is premature to set a trial date and/or to approximate the length of any trial in this action.  Defendant believes the Court should address a trial schedule only after it has ruled on any motion to certify a class.

**18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

  **a.  *Plaintiff's Statement:***

Plaintiff will file his Certification of Interested Entities shortly. Other than the named parties, there is no such interest to report.

  **b.  *Defendant's Statement:***

Defendant expects to file its Certification of Interested Entities or Persons prior to the conference.  Defendant is not currently aware of any such entities or persons.

**19.  PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

At this time, the Parties have not identified any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | Dated: September 1, 2023 | LICHTEN & LISS-RIORDAN, P.C. |
| 2 | | |
| 3 | | By  /s/ Shannon Liss-Riordan |
| 4 | | Shannon Liss-Riordan<br>Bradley Manewith<br>Attorneys for Plaintiff |
| 5 | | JOHN ZEMAN, on behalf of<br>HIMSELF AND ALL OTHERS |
| 6 | | SIMILARLY SITUATED |
| 7 | | |
| 8 | Dated: September 1, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| 9 | | |
| 10 | | By  /s/ Brian D. Berry |
| 11 | | Eric Meckley<br>Brian D. Berry<br>Attorneys for Defendant |
| 12 | | X CORP., successor in interest to<br>TWITTER, INC. |

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the document's content, and have authorized the filing.

| | | |
|---|---|---|
| 19 | Dated: September 1, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| 20 | | |
| 21 | | By  /s/ Brian D. Berry |
| 22 | | Eric Meckley<br>Brian D. Berry |
| 23 | | Attorneys for Defendant<br>X CORP., successor in interest to<br>TWITTER, INC. |

JOINT CASE MANAGEMENT STATEMENT