MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Carolyn M. Corcoran, (*pro hac vice*)
carolyn.corcoran@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:     +1.212.309.6000
Fax:    +1.212.309.6001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZEMAN, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>        vs.<br><br>TWITTER, INC. and X CORP.,<br><br>             Defendant. | Case No. 3:23-cv-01786-SI<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Defendant X Corp., on its own behalf and as successor in interest to Defendant Twitter, Inc., ("X") hereby answers the allegations in the numbered Paragraphs in Plaintiff John Zeman's ("Plaintiff") first Amended Class Action Complaint And Jury Demand ("FAC") as follows:

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 3:23-CV-01786-SI

## I. INTRODUCTION

1. X admits the FAC purports to allege class and collective claims against X on Plaintiff's own behalf and on behalf of other X employees age fifty (50) and/or older across the country who were discharged in the months after Elon Musk acquired Twitter, Inc. X denies all remaining allegations in Paragraph 1 of the FAC.

2. X admits the FAC purports to allege claims of discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and (for employees who worked out of New York) New York State Human Rights Law ("NYSHRL"), NY Exec § 296 for employees age fifty (50) and/or older since Elon Musk acquired Twitter, Inc. X denies all remaining allegations in Paragraph 2 of the FAC.

3. X admits Twitter, Inc. was acquired in late October 2022. X admits that following the acquisition, X conducted reductions in force. X denies all remaining allegations in Paragraph 3 of the FAC.

4. X contends that the allegations contained in Paragraph 4 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all remaining allegations in Paragraph 4 of the FAC.

5. X admits the FAC purports to allege claims of age discrimination under federal and New York law. X denies all remaining allegations in Paragraph 5 of the FAC.

## II. PARTIES

6. X lacks sufficient information to admit or deny whether Plaintiff is a resident of New York, New York. X admits that, according to its Human Resources Information System ("HRIS"), Plaintiff was employed by Twitter as a Sr. Communications Manager from

approximately April 18, 2011 until February 2, 2023 and notified of his employment termination on November 4, 2022.  X denies all remaining allegations in Paragraph 6 of the FAC.

7. X admits the FAC purports to allege a collective action under the ADEA on behalf of all Twitter employees across the United States age fifty (50) and/or older who lost their jobs since Twitter, Inc. was acquired.  X denies all remaining allegations in Paragraph 7 of the FAC.

8. X admits the FAC purports to allege a Rule 23 class action on behalf of all X employees who worked in New York age fifty (50) and/or older who lost their jobs since Twitter, Inc. was acquired.  X denies all remaining allegations in Paragraph 8 of the FAC.

9. X admits that it is headquartered in San Francisco, California.  X denies all remaining allegations in Paragraph 9 of the Complaint.

10. X admits it is a Nevada corporation and headquartered in San Francisco, California.

11. X admits Twitter, Inc. was acquired in late October 2022.  X admits that in or around March 2023, Twitter, Inc. merged with X. Corp.  X contends that the remaining allegations in Paragraph 11 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent that a response is required, X denies all remaining allegations in Paragraph 11 of the FAC.

### III. JURISDICTION

12. X admits that this Court has subject matter jurisdiction over this action.

13. X contends the allegations in Paragraph 13 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary.  To the extent that a response is required, X denies all allegations in Paragraph 13 of the FAC.

14. X admits that this Court has personal jurisdiction over X.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 3:23-CV-01786-SI

15. X lacks sufficient information to admit or deny whether Plaintiff, prior to filing his complaint, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and whether the EEOC issued Plaintiff a Notice of Right to Sue. X denies the remaining allegations in Paragraph 15 of the FAC.

### IV. STATEMENT OF FACTS

16. X admits it is a social media company. X admits that at certain time periods it has employed thousands of employees in the United States. X denies all remaining allegations contained in Paragraph 16 of the FAC.

17. X admits that in April 2022, Twitter, Inc. announced that it had entered into an agreement to be acquired. X denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. X admits Twitter, Inc. was acquired in late October 2022. X admits that following the acquisition, X conducted reductions in force. X denies all remaining allegations in Paragraph 18 of the FAC.

19. X denies the allegations contained in Paragraph 19 of the FAC.

20. X denies the allegations contained in Paragraph 20 of the FAC.

21. X admits that following the acquisition, X conducted reductions in force. X denies all remaining allegations in Paragraph 21 of the FAC.

22. X denies the allegations in Paragraph 22 of the FAC.

23. X denies the allegations in Paragraph 23 of the FAC.

24. X admits that the article cited in paragraph 24 of the FAC attributes various alleged comments to Elon Musk. X denies all remaining allegations in Paragraph 24 of the FAC.

25. X denies the allegations in Paragraph 25 of the FAC.

26. X contends the allegations in Paragraph 26 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 26 of the FAC.

27. X contends the allegations in Paragraph 27 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 27 of the FAC.

28. X contends the allegations in Paragraph 28 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 28 of the FAC.

29. X lacks sufficient information to admit or deny Dr. Killingsworth's statements or analysis. X admits that the federal court in *Artunduaga v. Univ. of Chicago Med. Ctr.*, 2016 WL 7384432, at *1 (N.D. Ill. Dec. 21, 2016) describes Dr. Killingsworth's qualifications but denies that footnote 1 contains an accurate quotation/citation. X contends the last sentence of paragraph 29 of the FAC constitutes a conclusion of law and/or legal argument and that therefore no admission or denial is necessary. X denies all remaining allegations in Paragraph 29 of the FAC.

30. X contends the allegations in Paragraph 30 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 30 of the FAC. X denies the allegations in Paragraph 30 of the FAC.

31. X contends the allegations in Paragraph 31 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 31 of the FAC. X denies the allegations in Paragraph 31 of the FAC.

32. X contends the allegations in Paragraph 32 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent that a response is required, X denies all allegations in Paragraph 32 of the FAC. X denies the allegations in Paragraph 32 of the FAC.

33. X lacks sufficient information to admit or deny Dr. Killingworth's statements. X contends the last sentence of paragraph 33 of the FAC constitutes a conclusion of law and/or legal argument and that therefore no admission or denial is necessary. X denies all remaining allegations in Paragraph 33 of the FAC.

34. X denies the allegations in Paragraph 34 of the FAC.

35. X admits that, according to its HRIS, Plaintiff was notified of his last day of employment on November 4, 2022, at which time Plaintiff was 63 years-old. X denies all remaining allegations in Paragraph 35.

36. X contends the first sentence in Paragraph 36 of the FAC constitutes a conclusion of law and/or legal argument and that, therefore, no admission or denial is necessary. X admits that the FAC purports to allege claims for relief on behalf Plaintiff and a collective and class of employees age fifty (50) and/or older who lost their jobs after Twitter, Inc. was acquired. X denies all remaining allegations in Paragraph 36 of the FAC.

**COUNT I**
**Age Discrimination in Employment Act,**
**29 U.S.C. §621**

X contends the allegations contained in Count I of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count I of the FAC.

## COUNT II
### New York State Human Rights Law,
### NY Exec. § 296

X contends the allegations contained in Count II of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, X denies all allegations contained in Count II of the FAC.

## JURY DEMAND

X admits the FAC purports request a trial by jury. X denies Plaintiff is entitled to a jury trial on some or all of his claims.

## PRAYER FOR RELIEF

X denies Plaintiff and the putative class and/or collective are entitled to any relief whatsoever, and further deny each and every one of the allegations and statements contained in the Prayer For Relief section of the FAC on pages 8-9.

X denies all allegations in the FAC not specifically admitted in this Answer.

## DEFENSES

X has not completed its investigation of the facts of this case, has not completed discovery, and has not completed its preparation for trial. The defenses asserted herein are based on X's present knowledge, information, and belief, and X specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In addition, X presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses. X therefore expressly reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation. Without conceding that X bears the burden of proof or persuasion as to any one of these defenses, X asserts the following separate and independent defenses to the claims in the FAC:

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

7

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 3:23-CV-01786-SI

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The FAC and each alleged claim therein fails to state a claim upon which relief can be granted against X.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's claims and the claims of some or all of the putative class and/or collective members are barred in whole or in part by all applicable statutes of limitations, including but not limited to 29 USC § 626 and N.Y. Exec. Law § 297(5).

### SECOND AFFIRMATIVE DEFENSE

**(*De Minimis*)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the *de minimis* doctrine.

### THIRD AFFIRMATIVE DEFENSE

**(Substantial Compliance)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because X complied in full with its statutory obligations, if any, and to the extent it is determined that there was non-compliance, X substantially complied with its obligations.

### FIFTH AFFIRMATIVE DEFENSE

**(Collateral Estoppel / Res Judicata)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the doctrine of collateral estoppel and/or *res judicata*.

### SIXTH AFFIRMATIVE DEFENSE

**(One Satisfaction)**

Plaintiff and the putative class and/or collective members cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts/conduct/omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Statutory / Administrative / Contractual Requirements)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because Plaintiff failed to satisfy the statutory prerequisites to suit, and/or failed to timely, fully and/or properly exhaust all administrative and/or contractual remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Mixed-Motive)**

If Plaintiff and/or some or all of the individuals whom they purport to represent are able to prove any discrimination occurred, which X denies, X reserves the right to present a mixed-motive defense.

**NINTH AFFIRMATIVE DEFENSE**

**(But-For Causation)**

Plaintiff's claims are barred because age was neither a cause of nor the "but-for" cause of an adverse employment action under the ADEA and/or NYSHRL.

**TENTH AFFIRMATIVE DEFENSE**

**(Subgroup)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because there is no legally cognizable "subgroup" claim based on employees aged 50 and/or older under the ADEA and/or NYSHRL.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Policies)**

Plaintiff's claims and the claims of putative class and/or collective members are barred to the extent they have failed to comply with and/or violated any relevant X policy, procedure, rule, standard, or expectation.

**TWELFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the doctrine of after-acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the FAC, whether or not attributable to X.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

Defendants deny that they acted unlawfully or improperly toward Plaintiff or any putative class and/or collective member sought to be represented. However, with regard to any potential award to Plaintiff or to any putative class and/or collective member sought to be represented for alleged unpaid wages, expenses, or penalties based thereon, X is entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiff and/or any putative class and/or collective member sought to be represented, and/or all obligations of Plaintiff or any putative class and/or collective member sought to be represented, owed to X against any judgment that may be entered against X.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Release and/or Waiver)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, to the extent that such claims have been waived, released, discharged, and/or abandoned.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, to the extent Plaintiff and/or alleged members of the putative class and/or collective action lack standing to bring claims, either in an individual or class or collective capacity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims and the claims of the putative class and/or collective members are barred, in whole or in part, because the FAC is uncertain in that the purported class and/or collective definition(s) are vague and ambiguous and conclusory and uncertain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Ascertainable Class)

The purported class that Plaintiff purports to represent, the existence of which are expressly denied, are not ascertainable and, thus, no well-defined community of interest exists among the purported members.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Class Action Not Superior Method of Adjudication)**

The alleged claims are barred, in whole or in part, from proceeding as a class action, because a class action is not a superior method for adjudicating this dispute..

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Fault of Others/Comparative Fault)**

Plaintiff's claims and the claims of putative class and/or collective members are barred because any damages, losses or liability that Plaintiff has alleged, if they exist at all, were proximately caused or contributed to by the conduct of or attributable to others, not X.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Not Appropriate for Class or Collective Action)**

The FAC, and each purported claim for relief alleged, is not proper for treatment as a class action under Rule 23 because, among other reasons:  (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; (d) Plaintiff cannot establish the requisite numerosity; and (d) the individualized nature of the asserted claims predominate.  The FAC also is not a proper collective action under 29 U.S.C. § 216(b) because Plaintiff and the members of her putative collective are not similarly situated.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Due Process)**

If this Court were to certify this action as a class and/or collective action, which it should not, any award of liquidated, multiple or punitive damages would deny X the due process of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith / Reasonable Factors Other than Age)**

Actions taken by X with respect to Plaintiff and putative class and/or collective members were non-discriminatory, taken in good faith, without discriminatory motives, based on lawful business reasons, and in conformity with applicable federal, state, and local laws.  X further alleges that its actions were motivated by reasonable factors other than age.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Agreement to Arbitrate)

Plaintiff's claims and the claims of putative class and/or collective members are barred, in whole or part, to the extent that Plaintiff or any putative class and/or collective member agreed or agrees to arbitrate the claims alleged in the FAC, and/or to waive the right to pursue such claims on an individual, class, collective, or representative basis.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages/Avoidable Consequences)

Plaintiff's claims and the claims of some or all of the putative class and/or collective members are barred, in whole or in part, because Plaintiff and/or the others he seeks to represent have not appropriately or adequately mitigated their alleged damages, if any. The damages and the sought-after penalties of Plaintiff and the others he seeks to represent, if any, must be reduced because Plaintiff and the others they seek to represent failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

### RESERVATION OF RIGHTS

X expressly reserves the right to assert such additional defenses that may prove applicable during the course of this litigation.

### PRAYER FOR RELIEF

WHEREFORE, X prays for judgment as follows:

1. That the Court denies Plaintiff's request to certify this action as a class and/or collective action;

2. That Plaintiff takes nothing by reason of the FAC and that the FAC be dismissed in its entirety with prejudice;

3. That judgment be entered in favor of X and against Plaintiff on all claims alleged in the FAC;

4. That X be awarded its reasonable costs of suit incurred herein;

5. That X be awarded its reasonable attorneys' fees incurred in defending this action to the extent permitted under applicable law; and

6. That the Court award X such other and further relief as the Court deems just and proper.

Dated: May 2, 2024                                  MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Brian D. Berry*
Eric Meckley
Brian D. Berry
Roshni C. Kapoor
Carolyn M. Corcoran

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 3:23-CV-01786-SI