MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Carolyn M. Corcoran, (*pro hac vice*)
carolyn.corcoran@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:    +1.212.309.6000
Fax:   +1.212.309.6001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TWITTER, INC. and X CORP.,<br><br>Defendants. | Case No. 3:23-cv-01786-SI<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
Case No. 3:23-cv-01786-SI

Pursuant to Civil Local Rule 79-5(f)(3), Defendant X Corp., on its own behalf and as successor-in-interest to Twitter, Inc. ("X Corp."), submits this response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 68. As explained below, there is good cause to seal the financial information in Exhibit C of Plaintiff's Motion for Conditional Certification of a Collective Action ("Motion"). X does not seek an order sealing Exhibit B or the portions of Plaintiff's Motion corresponding to Exhibits B or C.

## I.  BACKGROUND AND PROPOSED MATERIAL TO BE SEALED

Plaintiff is a former Sr. Communications Manager, who worked for Twitter from approximately April 18, 2011, until February 2, 2023. *See* ECF No. 63 at ¶ 6. On January 31, 2024, Plaintiff filed his First Amended Complaint, alleging disparate impact and disparate treatment claims under the Age Discrimination in Employment Act and New York State Human Rights Law on behalf of employees aged 50 or older who were separated from Twitter in connection with reductions in force ("RIF"). ECF No. 50. Defendant expressly denies Plaintiff's allegations and denies that it discriminated against Plaintiff or other employees on the basis of age (or any other protected category).

On June 7, 2024, Plaintiff filed a Motion for Conditional Certification of a Collective Action (ECF No. 69) ("Motion"). In connection with his Motion, Plaintiff filed two exhibits under seal because they contain information designated "Confidential" pursuant to a protective order governing the exchange of information in arbitration proceedings. ECF No. 69 at 2:1-3. The sealed exhibits are Exhibits B and C. Exhibit B contains excerpts from the Deposition of Elon Musk. ECF No. 69-2. Exhibit C is a copy of an email chain with Mr. Musk, dated November 2, 2022. ECF No. 69-3 ("Exhibit C"). Plaintiff also sealed the portions of his Motion that disclosed the contents of Exhibits B and C. *See* ECF No. 69 at pp. 6-7. As set forth below, there is good cause to seal the financial information in Exhibit C because it reflects confidential business information belonging to X that, if publicly disclosed, would likely cause harm to X.

## II.  LEGAL STANDARD

The sealing of records for non-dispositive motions, including motions for conditional certification of a collective action, requires "good cause." *See, e.g., Pintos v. Pac. Creditors Ass'n,*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
Case No. 3:23-cv-01786-SI

605 F.3d 665, 678 (9th Cir. 2010) (applying good cause standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action" (internal quotation marks and citation omitted)); *Coates v. Farmers Grp., Inc.*, 2016 WL 8223348, at *2 (N.D. Cal. Jan. 25, 2016) (applying good cause standard to motion for conditional collective action certification because "it does not address the merits of Plaintiff's underlying claims"); *Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 1940677, at *1 (E.D. Cal. May 29, 2012) (applying good cause standard to motion to seal materials on conditional certification); *Hart v. U.S. Bank NA*, 2013 WL 5965637, at *10 (D. Ariz. Nov. 8, 2013) (applying good cause for sealing related to motion for conditional certification); *see also Benedict v. Hewlett-Packard Co.*, 2016 WL 3568922, at *2 (N.D. Cal. July 1, 2016) (collecting cases and holding "[m]otions to decertify FLSA collective actions are non-dispositive motions to which the 'good cause' standard applies"). In determining whether good cause exists, "a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Farmers Grp., Inc.*, 2016 WL 8223348, at *2 (quoting Fed. R. Civ. P. 26(c)(1)(G)).

A party's burden under the "good cause" standard is lower than its burden under the "compelling reasons" standard that applies to sealing requests in connection with a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (explaining that sealing requests for dispositive motions must show "compelling reasons" to support secrecy, but the "public policies that support the right of access to dispositive motions . . . do not apply with equal force to non-dispositive materials," for which only "good cause" is required for sealing).

### III.     ARGUMENT

There is good cause to seal the financial information in Exhibit C because it contains confidential financial information related to X's labor costs. *See* Declaration of Walter Gilbert, June 17, 2024 ("Gilbert Decl."). Specifically, it details the confidential, non-public, approximate costs of salaries, commissions, benefits, and equity vesting for a proposed list of employees to be terminated in connection with X's November 4, 2022, RIF. *Id.* ¶ 6; Exhibit C. The public

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
Case No. 3:23-cv-01786-SI

1  disclosure of the financial information in Exhibit C may harm X's competitiveness in the market
2  because X's competitors could use the information to ascertain the average compensation, benefits,
3  and equity packages that X provides its employees. *Id.* ¶ 7. This is precisely the type of sensitive
4  information that if published, may cause "unfair advantage and irreparably harm [d]efendant"
5  because it could be used by a competitor to gain competitive advantage. *U.S. Bank NA*, 2013 WL
6  5965637, at *10 (sealing credit policies). Further, the information X seeks to seal has no relevance
7  to the Motion—Plaintiff does not rely on or cite to this financial information in the Motion. *See*
8  ECF No. 69. *See also Hart v. U.S. Bank NA*, 2013 WL 5965637, at *10 (finding good cause to
9  seal an "internal policy and guideline unique to [d]efendant and not public knowledge" because
10 that, if made public, the document "could provide competitors with an unfair advantage and
11 irreparably harm [d]efendant in terms of lost competitive advantage" (alterations and citation
12 omitted)).

13    Courts also routinely seal confidential and proprietary business information, such as the
14 financial information in Exhibit C, under the higher "compelling reasons" standard for sealing
15 dispositive motion material. *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at
16 *3 (N.D. Cal. Jan. 3, 2019) ("[T]o the extent that the instant motion seeks to seal information that,
17 if published, may harm [defendant] or third parties' competitive standing and divulges terms of
18 confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that
19 compelling reasons exist to seal this information."); *Baird v. BlackRock Institutional Tr. Co.*, 403
20 F. Supp. 3d 765, 792 (N.D. Cal. Sept. 3, 2019) (recognizing "[c]ourts have found that 'confidential
21 business information' in the form of . . . financial terms, details of confidential licensing
22 negotiations, and business strategies satisfies the compelling reasons standard" (internal quotations
23 omitted)); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at
24 *2 (N.D. Cal. Mar. 27, 2020) (sealing "highly negotiated agreement" that would "expose [litigant]
25 to competitive harm" if publicly disclosed); *In re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir.
26 2008) (reversing lower court's failure to seal financial terms of 2006 licensing agreement because
27 court has power to insure records are not used "as source of business information that might harm
28 a litigant's competitive strategy"); *Optronic Technologies, Inc. v. Ningbo Sunny Elec. Co., Ltd.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
Case No. 3:23-cv-01786-SI

2018 WL 6592784, *3-4 (N.D. Cal. Dec. 14, 2018) (sealing email chain that discloses pricing details and "reveals business . . . strategies," which, "if disclosed, could cause [] competitive harm," and where also email's "contents (as opposed to the date of its production) are not particularly pertinent to the matters raised in Orion's motion").

### IV.   CONCLUSION

For these reasons, the financial information in Exhibit C should be sealed because it reflects and reveals confidential business information, the disclosure of which may harm X. X is willing and able to provide a narrowly redacted copy of Exhibit C at this Court's request.

Dated: June 17, 2024                                          MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Brian D. Berry
    Eric Meckley
    Brian D. Berry
    Roshni C. Kapoor
    Carolyn M. Corcoran

    Attorneys for Defendant
    X CORP. f/k/a TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S RESPONSE TO
PLAINTIFF'S ADMINISTRATIVE MOTION
Case No. 3:23-cv-01786-SI